### ROUNDY v. BONOWITZ.

**Easement**: DESCRIPTION: PRIVATE WAY. A deed contained this clause: "I also give R. the right to use the present road to his timber," etc. *Held*, that inasmuch as the road was a well defined and certain way, there was no ambiguity in the grant of the easement, nor uncertainty in the description of it.

*Appeal from Marshall District Court.*

MONDAY, OCTOBER 26.

THIS is a suit in equity to enjoin the defendant from preventing the plaintiff from using a private passway or easement over certain land now belonging to the defendant. The sole issue is as to the plaintiff's right to the use of such way or easement. A temporary injunction was allowed, and upon final hearing it was made perpetual. The defendant appeals.

*J. C. Wyllis*, for appellant.

*T. Binford*, for appellee.

COLE, J.—In May, 1866, the plaintiff purchased of one Rogers the northeast quarter of section twenty-five, and also seven acres of timber land lying near the center of the west line, of the south east quarter of the northeast quarter, of section twenty-four, in township eighty-three, range nineteen; and in the deed whereby Rogers conveyed both of said tracts to the plaintiff, there was this clause: "I also give Roundy the right to use the present road to his timber, by keeping all gates closed after him." This deed was duly recorded on the day after it was executed. Subsequently Rogers conveyed the real estate over which the road is claimed to have run, to McCord and Williams, who conveyed to this defendant; and shortly after obtaining his conveyance the defendant built his fences across said road, and forbid the plaintiff its use.

The evidence very satisfactorily establishes the fact that the "present road," mentioned in the clause of the deed above

quoted, was at that time a well defined and certain way, and that it has been used ever since by the plaintiff. There is no ambiguity in the grant of the easement, nor uncertainty in the description of it, although there may be difficulty in proving its precise location, just as any other natural monument requires identification. But the proof in this case is very clear and satisfactory.

AFFIRMED.